UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DUSTIN GORDON,

                Plaintiff,                              Hon. Wendell A. Miles

v.                                                  Case No. 1:06 CV 571

PATRICIA CARUSO, et al.,

                Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #16), and Plaintiff's <u>Motion to Strike</u>, (dkt. #33). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Plaintiff's Motion to Strike be granted in part and denied in part and, furthermore, that Defendants' Motion for Summary Judgment be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). Plaintiff is a member of the Asatru faith.[1] While the Michigan Department of Corrections (MDOC) recognizes the Asatru faith, it does not permit its adherents to engage in group worship services. Plaintiff asserts that group worship services are essential to the practice of his religion. Plaintiff brings the present action against various prison officials claiming that his inability to participate in group worship services with

---

[1] The Asatru faith is also known as Odinism. (Dkt. #39).

other members of the Asatru faith violates his right to enjoy the equal protection of the laws and, furthermore, constitutes a substantial burden to the exercise of his religious faith in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants have moved for summary judgment. Plaintiff subsequently moved to strike a portion of the evidence relied on by Defendants in support of their motion for summary judgment. For the reasons articulated herein, the Court recommends that Plaintiff's motion be granted in part and denied in part and, furthermore, that Defendants' motion be granted and Plaintiff's action dismissed.

## STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369

U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996).  The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'"  *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter."  *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient."  *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997).  Furthermore, mere allegations do not suffice.  *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

### I.        Plaintiff's Motion to Strike

In support of their motion for summary judgment, Defendants have submitted an affidavit executed by David Burnett, the MDOC's Special Activities Coordinator and Department Liason to the Chaplain Advisory Council.  (Dkt. #19).  Plaintiff now moves to strike portions thereof on the grounds that such violate Federal Rule of Civil Procedure 56.  Specifically, Plaintiff seeks to strike the following portions of Burnett's affidavit:

7.     According to Department records, there are fewer than five prisoners at either Bellamy Creek Correctional Facility (IBC) or Chippewa Correctional Facility (URF) who have declared Asatru as their religious faith preference.

8.     Asatru is generally identified as a Norse earth religion, with the practice of the faith generally being tied to nature. "Blots" are generally tied to seasonal changes and occurrences such as new moons, rather than a rigid schedule like the Sabbath observance of Judaism and the Sunday observance of Christianity. Congregant services are not required for the practice of Asatru, and most Asatruars do not gather regularly for congregant services.

11.    While there are individuals around the country who identify themselves as Asatruars and who may have organized and incorporated, there is no official hierarchy or central authority to be consulted for guidance.

12.    There is no universally accepted writing that sets standards for the faith, and each group is autonomous and is encouraged to create its own traditions.

13.    There are documents specific to the faith that describe the faith as a "muscular religion where might is right", that Asatru is "co-opted by racists, particularly young disaffected by [sic] intelligent skinheads" and "appears to be growing and spreading within the white supremacy world"; as well as statements that advocate violence, vengeance and conflict.

14.    While some Asatruars in the community indicate that Asatru is not exclusive to whites, because it is rooted in Scandanavia/Northern Europe, it has historically been limited to whites and is projected and perceived by prisoners and staff as racially exclusive. White supremacists join and use the religion as a cover to spread white supremacist ideology and to recruit converts to the white supremacist ideology.

(Dkt. #19).

-4-

Federal Rule of Civil Procedure 56(e) mandates that affidavits submitted in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Accordingly, only such evidence as would be admissible at trial can be considered on a motion for summary judgment.  *See North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997).  Rule 56 also precludes the consideration of hearsay evidence when deciding a motion for summary judgment.  *See Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Plaintiff seeks to strike paragraph #7 on the grounds that the assertions contained therein are contradicted by his own evidence.  While Plaintiff's "evidence" may suggest that there exists a genuine factual dispute regarding such matters, the existence of such a dispute is not a valid reason to strike the assertions contained in paragraph #7 as such are certainly within the scope of Burnett's personal knowledge.  Thus, the Court recommends that Plaintiff's motion to strike be denied as to paragraph #7.

Plaintiff seeks to strike paragraphs #8, 11, and 12 on the grounds that Burnett lacks personal knowledge to make the assertions contained therein.  The matters discussed in these particular paragraphs clearly require "specialized knowledge" as contemplated by Federal Rule of Evidence 702.  Burnett has not established that he is qualified by virtue of "knowledge, skill, experience, training, or education" to render such an opinion.  Fed. R. Evid. 702.  Thus, the Court recommends that Plaintiff's motion to strike be granted as to paragraphs #8, 11, and 12.

Plaintiff seeks to strike paragraph #14 on the grounds that Burnett lacks personal knowledge to make the assertions contained therein.  The Court only partially agrees.  While the initial part of this paragraph suffers from the same shortcoming as paragraphs #8, 11, and 12, the latter portion

of this paragraph regards matters which are certainly within the scope of Burnett's personal knowledge. The Court, therefore, recommends that Plaintiff's motion to strike be granted in part and denied in part as to paragraph #14. Specifically, the Court recommends that only the portions underlined immediately below be stricken:

> 14. <u>While some Asatruars in the community indicate that Asatru is not exclusive to whites, because it is rooted in Scandanavia/Northern Europe, it has historically been limited to whites and</u> is projected and perceived by prisoners and staff as racially exclusive. White supremacists join and use the religion as a cover to spread white supremacist ideology and to recruit converts to the white supremacist ideology.

Plaintiff seeks to also strike paragraph #13 on the grounds that such is based on hearsay. The Court agrees. Defendant Burnett has neither attached the "documents" in question nor established that such matters are within his personal knowledge. The Court recommends, therefore, that Plaintiff's motion to strike be granted as to paragraph #13.

In sum, the Court recommends that Plaintiff's motion to strike be granted in part and denied in part. Specifically, the Court recommends that paragraphs #8, 11, 12, and 13, as well as the portion of paragraph #14 identified above, be stricken.

## II.        RLUIPA Claim

In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). RLUIPA does not define the phrase "substantial burden." Nonetheless, courts have concluded that a "burden" on religious exercise is "substantial" only where such imposes "a significantly great restriction or onus upon such exercise"

which "directly coerces the religious adherent to conform his or her behavior accordingly." *Sanders v. Ryan*, --- F.Supp.2d ---, 2007 WL 1138835 at *3 (D. Ariz., Mar. 19, 2007) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)); *Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005).

To come within the scope of RLUIPA the burden in question must render religious exercise "effectively impracticable." *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise). Moreover, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise." *See, e.g., Konikov*, 410 F.3d at 1323. These conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *See Civil Liberties for Urban Believers*, 342 F.3d at 761.

Plaintiff bears the burden to establish that his ability to exercise his religion has been substantially burdened. *See Kaufman v. Schneiter*, 474 F.Supp.2d 1014, 1025 (W.D. Wis. 2007). Defendants argue that Plaintiff has failed to satisfy his burden in this regard. Specifically, Defendants assert that "[c]ongregant services are not required for the practice of Asatru, and most Asatruars do not gather regularly for congregant services." (Dkt. #19, Burnett Affidavit at ¶ 8). First, as discussed above, the Court has concluded that this particular portion of Defendant Burnett's affidavit may not be considered as evidence in support of the present motion for summary judgment. Furthermore, Plaintiff has presented evidence calling into question the claim that group worship is not an essential part of the

Asatru religion.  (Dkt. #32, Exhibits A-C; Dkt. #39).  Accordingly, the Court concludes that there exists a genuine dispute of material fact as to whether Plaintiff's inability to participate in group worship services with other members of the Asatru faith substantially burdens Plaintiff's ability to practice his religion.

As previously noted, even if a challenged action creates a "substantial burden on the religious exercise" of a prisoner, it will survive scrutiny if it constitutes the least restrictive means of furthering a compelling governmental interest.  42 U.S.C. § 2000cc-1(a).  The MDOC denied Plaintiff's request to participate in group worship services because of safety and security concerns.  As Defendant Burnett asserts in his affidavit, Asatru is

> perceived by prisoners and staff as racially exclusive.  White supremacists join and use the religion as a cover to spread white supremacist ideology and to recruit converts to the white supremacist ideology.  To allow white supremacists to gather as a group provides the opportunity for the group to gain power through their recruiting and create disruption in facilities.  Additionally, nonwhites, who feel threatened by what appears to be official endorsement of the white supremacist ideology, may cause disruption to the facility.  This situation would inevitably lead to conflict.

(Dkt. #19, Exhibit B).

There is no question that prison officials have a compelling interest in preventing racial tension and violence in prisons.  The Michigan Department of Corrections has determined that permitting members of the Asatru faith to conduct group ceremonies presents a very real threat of racially-based violence.  Other courts have recognized this threat.  *See, e.g., Lindell v. Houser*, 442 F.3d 1033, 1034 (7th Cir. 2006) (observing that Asatru is "a pagan religion often associated with a white-supremacist philosophy"); *Lindell v. Casperson*, 360 F.Supp.2d 932, 942-43 (W.D. Wis. 2005) (observing that Odinism promotes "white supremacy or hatred towards other races"); *Lindell v.*

*McCallum*, 352 F.3d 1107, 1108 (7th Cir. 2003) (noting that Asatru has identified the "Nordic Race" as the "chosen people, implying white supremacy").

While RLUIPA provides certain protections to an inmate's ability to express his religious faith, RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety." *Cutter*, 544 U.S. at 722-23. In this regard courts must accord "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Id.*

Defendants have reasonably concluded that permitting members of the Asatru faith to participate in group worship services would present a safety and security threat. Defendants have not, however, prevented Plaintiff from practicing his religion. The MDOC recognizes the Asatru faith and permits the adherents thereof to possess appropriate items to facilitate the practice of such. *See* Mich. Dep't of Corr., Policy Directive 05.03.150. Moreover, members of the Asatru faith are permitted to possess literature regarding Asatru and may receive "clergy and outreach volunteer visits." (Dkt. #32, Exhibit B7).

The Court finds that the decision by the MDOC to deny group worship services to members of the Asatru faith is the least restrictive means of pursuing the compelling governmental interest of preventing racial conflict in the institutions which it manages. Accordingly, the Court recommends that Defendants' motion for summary judgment be granted.

III.            Equal Protection Claim

Plaintiff asserts that Defendants have violated his right to equal protection under the law by permitting certain religious groups, of whom most (if not all) members are African-American, to participate in group worship services.  Specifically, Plaintiff asserts that

> Every single racist, supremacist, separatist accusation that Defendants lodge against Asatru (with absolutely no evidence to back up such accusations, Plaintiff points out) is true about the beliefs of the Nation of Islam and the Moorish Science Temple of America, and is openly espoused in their religion and literature.

(Dkt. #32 at 18).

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  Accordingly, the state "cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference."  *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citations omitted).

In support of this particular claim, Plaintiff has submitted an affidavit in which he asserts that "M.D.O.C. officials allow African American inmates to have religious group services that have racist, supremacist, and separatist teachings as central tenets of these religions."  (Dkt. #32, Exhibit A). In his brief opposing Defendants' motion, Plaintiff identifies the Nation of Islam and the Moorish American Science Temple as two religions which allegedly promote racial hatred.  (Dkt. #32 at 14-21). However, Plaintiff offers no specific facts to support these generalized assertions.  Moreover, Plaintiff has failed to establish that he possesses first-hand knowledge of such matters or that he is otherwise

qualified to render an opinion regarding the teachings of other religions or the beliefs held by the adherents thereto.

On the other hand, as detailed above, Defendants have submitted evidence demonstrating that there exists a rational basis (the prevention of racially motivated prison violence) for treating members of the Asatru faith differently (vis-a-vis requests to participate in group worship) from groups like the Nation of Islam and the Moorish American Science Temple.  As Plaintiff has submitted no evidence demonstrating the existence of a genuine factual dispute regarding this claim, the Court recommends that Defendants are entitled to summary judgment as to this particular claim.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Plaintiff's Motion to Strike, (dkt. #33), be **granted in part and denied in part** as detailed herein.  The Court further recommends that Defendants' Rule 56(b) Motion for Summary Judgment, (dkt. #16), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  July 6, 2007                           _/s/ Ellen S. Carmody_____
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge