UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN GORDON,

    Plaintiff,

Case No. 1:06-cv-571

v

Hon. Wendell A. Miles

PATRICIA CARUSO, *et al.*,

    Defendants.

_____/

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER ON PLAINTIFF'S "MOTION TO AMEND"

    This is a civil rights action filed by a Michigan prisoner under 42 U.S.C. § 1983.  In his complaint, the plaintiff, an adherent of the Asatru faith, claims that his "Federal and Constitutional rights" are being violated by the defendant corrections officials, who have allegedly denied him the right to fully practice his religion while allowing followers of other faiths more rights, including rights of group worship.  On July 6, 2007, United States Magistrate Judge Ellen S. Carmody  issued a Report and Recommendation ("R & R") recommending that (1) a motion by plaintiff to strike an affidavit filed by the defendants be granted in part and denied in part, and (2) defendants' motion for summary judgment be granted.   Plaintiff has filed timely objections to the R & R, and has also filed a motion to "amend" or supplement his previous filings (docket no. 45).   The court has reviewed *de novo* the R & R filed by the United

States Magistrate Judge in this action, plaintiff's objections to the R & R, and the relevant portions of the file.  For the reasons to follow, the court grants plaintiff's motion to supplement and also adopts the R & R in part and rejects it in part.

### "Motion to Amend"

Plaintiff has filed a "Motion to Amend [His] Supplemental Pleading," seeking to supplement the record with (1) a typewritten version of a handwritten brief which he filed in response to the defendants' motion for summary judgment, and (2)  two affidavits of persons active in his Asatru faith, which are responsive to an affidavit filed by the defendants in support of their motion.  The defendants have not responded to plaintiff's motion.

Plaintiff cites Fed.R.Civ.P. 15(a) and (d) in support of his motion.  However, Rule 15 applies to "pleadings."  "Pleadings" are defined in Fed.R.Civ.P. 7(a).  Motion responses and affidavits do not fall within Rule 7(a)'s definition of "pleadings," and are therefore not subject to amendment pursuant to Rule 15.  However, to the extent that plaintiff merely seeks to supplement his previous filings with additional materials which are merely cumulative to those he has already filed, his request is consistent with Fed.R.Civ.P. 56(e), which permits the supplementation of supporting and opposing materials.  The court will therefore  grant his motion.

**Plaintiff's Objections to the R & R**

In her R & R, the Magistrate Judge concluded that even if plaintiff's inability to participate in group worship with other members of the Asatru faith substantially burdens plaintiff's ability to practice his religion, the defendants have reasonably concluded that permitting Asatru group worship would present a safety and security threat because Asatru is perceived by prisoners and staff as racially exclusive and is associated with white supremacy ideology. The Magistrate Judge also concluded that the defendants have not prevented plaintiff from practicing his religion in other ways, and that the decision to deny group worship services to members of the Asatru faith is the least restrictive means of pursuing the compelling governmental interest in preventing racial conflict in Michigan prisons. Plaintiff objects to these conclusions, arguing (1) that he has presented evidence that the Asatru faith is not considered to be racially exclusive by those who practice it, and (2) he has not been given the opportunity to conduct discovery in order to contradict the defendants' assertion that allowing Asatru group services would pose a security threat.

The court agrees with plaintiff that the defendants have not shown that they are entitled to judgment as a matter of law. Although courts "may be expected to recognize the government's countervailing compelling interest in not facilitating inflammatory racist activity that could imperil prison security and order[,]" Cutter v. Wilkinson, 544 U.S. 709, 125 S.Ct. 2113, 2123 n.11 (2005), corrections officials "must provide some basis for their concern that racial violence will result" from accommodation of a religious practice. Murphy v. Missouri

Dep't of Corrections, 372 F.3d 979, 989 (8th Cir. 2004).  Plaintiff has presented evidence which – viewed in his favor – contradicts the defendants' evidence that the Asatru faith promotes racial violence.

The Magistrate Judge cited to "[o]ther courts" which have recognized the "threat" posed by Asatru.  However, one of these cases recognizes that some versions of the faith do not imply white supremacy, even though the specific plaintiff in that case was an "avowed White Supremacist."  See Lindell v. McCallum, 352 F.3d 1107, 1107 (7th Cir. 2003).  In his affidavit filed in this case, plaintiff states that he is not a white supremacist, racist, or separatist.  Plaintiff has also submitted the affidavits of other Asatru prisoners who deny that their faith is a racist faith.  Cf. Borzych v. Frank, 439 F.3d 388, 390 (7th Cir. 2006) (ban on purported "Odinism" books did not violate Religious Land Use and Institutionalized Persons Act, where plaintiff did not seriously contest that books advocated violence).  Whatever has been suggested by courts based on evidence submitted in other cases is not controlling here, and the evidence which has been submitted in this case is contradictory regarding the nature of Asatru as practiced by plaintiff.  Because the evidence presented thus far – in advance of formal discovery – is contradictory regarding the nature of Asatru, an issue of material fact remains regarding whether the defendants have identified a compelling governmental interest in prohibiting Asatru group worship.

The Magistrate Judge also concluded that the defendants are entitled to summary judgment on plaintiff's Equal Protection claim because they have submitted evidence

4

demonstrating a rational basis for treating members of the Asatru faith less favorably than other members of other faiths, who are permitted to participate in group worship.  This rational basis, the R & R concludes, is the prevention of racially motivated prison violence.  The R & R also concludes that plaintiff has presented no evidence that he has first-hand knowledge that certain other prison religious groups – including the Nation of Islam and the Moorish American Science Temple – promote racial hatred.   Plaintiff objects, pointing to other cases which have found these groups to be racist.

Findings made in other cases are not evidence for purposes of this case, and therefore the court will not consider these other cases as evidence on plaintiff's equal protection claim, just as it will not consider findings in other cases as evidence in support of the defendants' position on plaintiff's religious exercise claim.  However, the court believes that the Magistrate Judge erred in concluding that the defendants had submitted evidence demonstrating a rational basis for treating Asatru differently from the Nation of Islam and the Moorish American Science Temple.  Plaintiff's complaint alleges that members of these faiths (and others) are permitted to engage in group worship services, although the Asatru are not.  Nothing in the defendants' factual submissions, and in particular the affidavit of Dave Burnett, the Michigan Department of Corrections' Special Activities Coordinator, distinguishes the Nation of Islam and the Moorish American Science Temple – or any other faith from afforded group worship privileges – from Asatru.  No other specific faith identified in plaintiff's complaint is even mentioned by name in the Burnett affidavit, portions of which the Magistrate Judge has recommended be stricken.  Cf.

Murphy, 372 F.3d at 984-985 (no genuine issue of fact remained regarding whether Christian Separatist Church Society was similarly situated to Nation of Islam and Moorish Science Temple of America, where corrections official testified that no other religion afforded group worship privileges espoused racial separation at worship services).  In addition, plaintiff has stated that he has been unable to obtain the affidavit of any Moorish American Science Temple member regarding the beliefs of their group.  This appears to be akin to invoking Fed.R.Civ.P. 56(f).[1]

"It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."  Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004) (citation omitted).  Plaintiff has not had formal discovery, and he has pointed to specific evidence which he has tried to obtain in order to show that a genuine issue of fact remains on his equal protection claim.  Although "[t]here is nothing in the Constitution which requires prison officials to treat all inmate groups alike where differentiation is necessary to avoid an imminent threat of institutional disruption or violence[,]" Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 136, 97 S.Ct. 2532, 2543 (1977), at this stage of the case the court can not conclude that the defendants have demonstrated the lack of an issue of material fact regarding the security rationale – if any – for the more

---

[1]Rule 56(f) provides as follows:

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

favorable treatment afforded to religions other than Asatru.[2]

### Conclusion

The court grants plaintiff's "motion to amend" or supplement the record. The court also adopts the R & R in part, to the extent that it recommends partially granting plaintiff's motion to strike the Burnett affidavit. The defendants have not objected to this recommendation, and the court concludes that the R & R correctly finds specified portions of the affidavit to be objectionable. Finally, the court rejects the R & R in part, to the extent that it recommends granting the defendants' motion for summary judgment. Therefore, plaintiff's motion to strike is granted in part, and defendants' motion for summary judgment is denied.

So ordered this 4th day of September, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[2]The Burnett affidavit also implies that there are insufficient numbers of Asatru prisoners to warrant group worship services. However, plaintiff maintains that there are sufficient numbers of Asatru adherents to warrant group services, and he contends that information which would allow him to prove this are in the defendants' possession.