UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN GORDON,

       Plaintiff,                            Hon. Robert Holmes Bell

v.                                               Case No. 1:06 CV 571

PATRICIA CARUSO, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Rule 56(b) Motion for Summary Judgment. (Dkt. #86). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends Defendants' motion be **denied**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). Plaintiff is a member of the Asatru faith.[1] While the Michigan Department of Corrections (MDOC) recognizes the Asatru faith, it does not permit its adherents to engage in group worship services. Plaintiff asserts that group worship services are essential to the practice of his religion. Plaintiff has asserted the present action against various prison officials claiming that his inability to participate in group worship services with other members of the Asatru faith violates his "Federal and Constitutional rights," specifically his right to freely practice his religion as well as his right to enjoy the equal protection of the laws.

---

[1] The Asatru faith is also known as Odinism. (Dkt. #39).

On January 16, 2007, Defendants moved for summary judgment. (Dkt. #16). Finding that Defendants had articulated a legitimate penological justification for preventing members of the Asatru faith from engaging in group worship services, the undersigned recommended that Defendants' motion be granted and Plaintiff's action dismissed. (Dkt. #43). The Honorable Wendell A. Miles disagreed, however, finding that with respect to Plaintiff's religious exercise claims that "Plaintiff has presented evidence which - viewed in his favor - contradicts the defendants' evidence that the Asatru faith promotes racial violence." (Dkt. #47). With respect to Plaintiff's equal protection claim, Judge Miles concluded that "at this stage of the case the court can not conclude that the defendants have demonstrated the lack of an issue of material fact regarding the security rationale - if any - for the more favorable treatment afforded to religions other than Asatru." Accordingly, Judge Miles denied Defendants' motion for summary judgment. Defendants again move for summary judgment. Because Defendants have failed to submit any additional *admissible* evidence in support thereof, the undersigned recommends that Defendants' motion be **denied**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also, Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence

may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.     Defendants have not Established that Plaintiff's Claims are Moot**

In his complaint, Plaintiff asserts that he is seeking declaratory and injunctive relief only. (Dkt. #1). Plaintiff reiterated this position in his deposition. (Dkt. #87, Exhibit 4 at 6-9). Defendants Burnett, McKee, Stoddard, Walczak, Maguire, and Schaefer assert that Plaintiff's claims against them are moot because Plaintiff has been transferred to another facility and is no longer under their control. As Defendants correctly note, an action for declaratory and injunctive relief may very well be dismissed as moot if the prisoner is transferred and no longer under the control of the defendant prison officials. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). The present Defendants have presented no evidence, however, that Plaintiff is no longer under their control or that Plaintiff's claims against them are otherwise rendered moot. The Court cannot recommend the dismissal of claims based on nothing more that unsupported assertions contained in Defendants' pleadings. Defendants Caruso and Straub acknowledge that Plaintiff's claims against them are not moot because "they are administrators over the entire MDOC." The Court recommends, therefore, that Defendants have failed to demonstrate that any of Plaintiff's claims should be dismissed as moot.

**II.        Defendants have not Submitted Evidence that Summary Judgment is Appropriate**

As noted above, in denying Defendants' previous motion for summary judgment, Judge Miles concluded that Defendants had failed to submit sufficient evidence in support thereof. Despite this determination, in support of their present motion for summary judgment Defendants have failed to submit any additional *admissible* evidence. Having failed to add to the quantum of evidence which Judge Miles previously found legally deficient, the undersigned must recommend that Defendants' motion for summary judgment once again be denied.

In support of their present motion, Defendants have included a copy of a document which they allege is an expert report submitted by Dr. Greg W. Etter, Sr., Ed.D. (Dkt. #87, Exhibit 5). This report is not signed or otherwise authenticated. Federal Rule of Civil Procedure 26 provides that "[u]nless otherwise stipulated or ordered by the court," the report of an expert who is "retained or specially employed to provide expert testimony in the case" must be signed by the expert. The Court has not authorized the parties to disregard the requirements of Rule 26 and there is no evidence that the parties have stipulated to such. Moreover, the first page of the exhibit in question indicates that it was allegedly prepared specifically for use in this matter. Thus, compliance with Rule 26 requires that Dr. Etter sign or otherwise authenticate his expert report. As Plaintiff correctly asserts, Dr. Etter's failure to properly sign or authenticate his report renders it inadmissible for present purposes. *See, e.g., North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997) (the only evidence that the Court can consider on a motion for summary judgment is evidence that would be admissible at trial); *Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("Unsworn expert reports. . .do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.").

Defendants have also submitted an exhibit which purports to be a picture of tattoos that Plaintiff has on his back. (Dkt. #87, Exhibit 7). Defendants have failed, however, to submit any evidence that this exhibit actually depicts Plaintiff or any tattoos he may have. In short, Defendants have failed to authenticate this document. Accordingly, the exhibit is inadmissible and cannot presently be considered.

Moreover, even were this document properly authenticated, the Court fails to discern how it advances Defendants' position. The exhibit in question shows an individual with the following images tattooed on his or her back: (1) a large cross; (2) the words "Pride," "Loyalty," and "Honor" above the cross; and (3) a small shamrock above each of the aforementioned words. Defendants assert that "shamrocks and Gaelic symbols are identified with the Aryan Brotherhood." Defendants have presented no evidence that *each and every* shamrock or Gaelic symbol is identified with the Aryan Brotherhood. Defendants have also failed to demonstrate that the tattoos depicted in the subject exhibit are similar to the type of tattoos associated with the Aryan Brotherhood.

In sum, the exhibits that Defendants have submitted with the present motion are inadmissible and, therefore, cannot be considered in support thereof. Because Defendants have failed to submit any additional *admissible* evidence in support of their motion for summary judgment, the undersigned recommends that Defendants' motion be **denied**.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Defendants' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #86), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 23, 2009                          /s/ Ellen S. Carmody
                                               ELLEN S. CARMODY
                                               United States Magistrate Judge