UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN GORDON,

        Plaintiffs,

                                  File No. 1:06-cv-571

v.

                                  HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO, *et al.*,

        Defendants.
                                  /

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION IN PART**

On March 23, 2009, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R"), recommending that Defendants' motion for summary judgment be denied. (Dkt. No. 97.) Defendants filed objections to the R&R on April 9, 2009. For the reasons that follow, Defendants' objections are granted in part and the R&R is adopted in part as the opinion of the Court.

This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        **A. Defendants Burnett, McKee, Stoddard, Walczak, Maguire, and Schaefer**

Defendants Burnett, McKee, Stoddard, Walczak, Maguire, and Schaefer move for

summary judgment because, with the exception of Defendant Burnett, they are employees of the Bellamy Creek Facility, and Plaintiff has moved to a different facility and is no longer under their control. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (dismissing as moot the prisoner's claims for injunctive and declaratory relief against prison officials because the prisoner had moved to a different facility). The R&R denied dismissal of these Defendants because Defendants presented no evidence in support of their assertion that Plaintiff is no longer under their control.

Defendants object on the basis that the Magistrate Judge could have taken judicial notice of Plaintiff's location, which is available at the website for the Michigan Department of Corrections, http://www.michigan.gov/corrections/. The Court agrees. This website indicates that Plaintiff is located at the St. Louis Correctional Facility, not the Bellamy Creek Correctional Facility that is mentioned in Plaintiff's complaint.

Moreover, Plaintiff stated in his response to the motion for summary judgment that he "did not have a problem" with dismissal of Defendants McKee, Stoddard, Walczak, Maguire, and Schaefer. (Dkt. No. 89, Plf.'s Resp. in Opp'n to Mot. for Summ. J. 18.) Thus, the Court will dismiss these Defendants on the basis that Plaintiff's claim for declaratory and injunctive relief against these Defendants is moot because Plaintiff is no longer under their control and because Plaintiff does not contest their dismissal.

Plaintiff did not, however, state that he would accept dismissal of Defendant Burnett. Burnett asserted in an affidavit dated January 16, 2007, that he is the Special Activities

Coordinator for the Michigan Department of Corrections.[1] (Dkt. No. 21.) Unlike the other Defendants, there is no indication that he was employed at the Bellamy Creek Facility or that the scope of his responsibility was limited to that facility.

However, Defendants contend in their summary judgment motion that declaratory and injunctive relief against Burnett is moot because he has retired. Defendants did not provide any evidence to support this factual assertion. In their objections to the R&R, Defendants apparently contend that the Court should rely on counsel's representations regarding Burnett's retirement, noting that Plaintiff did not provide any contrary evidence. However, on Defendants' motion *Defendants*, not Plaintiff, have the burden of submitting evidence in support of their motion to establish that there is no genuine issue of fact. Defendants have failed to meet their burden. Defendants cannot rely merely on the unsworn assertions of counsel in their pleadings, and Plaintiff is not required to respond to these assertions with contrary evidence. Finally, to the extent that Plaintiff has sued Burnett in his *official* capacity, Burnett's retirement does not require his dismissal as a named defendant; he is automatically substituted as a party by the successor to his office. Fed. R. Civ. P. 25. Thus, as to Defendant Burnett, the Court adopts the R&R, denies Defendants' objections, and denies Defendants' motion for summary judgment.

**B. Summary Judgment Evidence**

Defendants also object to the finding in the R&R that the unsigned expert report

---

[1] Other parts of this affidavit were stricken from the record. (Dkt. No. 47.)

submitted with their motion was inadmissible. Defendants argue in their objections that the expert report is admissible because it satisfies the hearsay exception in Fed. R. Evid. 807. However, the R&R did not determine that the expert report was inadmissible because it was hearsay; it determined that the report was inadmissible because, lacking a signature, it did not satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Defendants have not identified an exception to Rule 26 or a reason to disregard it in this case. Thus, Defendants have not identified an error in the conclusions of the R&R.

After the R&R was entered, Defendants submitted a motion to supplement their expert report with a signed copy of the expert report, requesting the Court to reconsider their motion for summary judgment. (Dkt. No. 101.) Plaintiff opposes the motion to supplement. (Dkt. No. 107.) The Magistrate Judge is directed to consider the motion to supplement and the renewed motion for summary judgment in light of this opinion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 100) are **GRANTED IN PART** such that Section I of the Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART**, and Section II of the Report and Recommendation is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 86) is **GRANTED** with respect to Defendants McKee, Stoddard, Walczak, Maguire, and

Schaefer, and **DENIED** with respect to Defendant Burnett and the remaining Defendants.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendants McKee, Stoddard, Walczak, Maguire, and Schaefer.


Dated: May 13, 2009                         /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE