UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DUSTIN GORDON,

       Plaintiffs,

                                                     File No. 1:06-cv-571

v.

                                                   HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO, *et al.*,

       Defendants.

                                           /

## MEMORANDUM OPINION AND ORDER
## REJECTING THE REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("R&R"), recommending that the motion for summary judgment filed by Defendants Partricia L. Caruso, Dave Burnett, and Dennis Straub be granted. (Dkt. No. 124.) Plaintiff Dustin Gordon has filed objections to the R&R. (Dkt. No. 126.) For the reasons that follow, Plaintiff's objections are granted and the R&R is rejected as the opinion of the Court.

This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This is the third motion for summary judgment considered by the Court in this matter. Senior Judge Wendell A. Miles denied the first motion, in part, to allow further discovery. (Dkt. No. 47.) Subsequently, Defendants moved for summary judgment,

including as additional evidence an unsigned expert report by Defendants' expert witness, Dr. Gregg W. Etter. In an R&R recommending denial of Defendants' motion, Magistrate Judge Carmody noted that because the report did not comply with Rule 26 of the Federal Rules of Civil Procedure and because it was unsworn it was not admissible and could not be considered on a motion for summary judgment. (Dkt. No. 97, 03/23/2009 R&R 5.) Subsequently, Defendants moved to supplement their motion for summary judgment with a signed copy of the expert report and to renew their motion for summary judgment. This Court adopted the R&R and directed the Magistrate Judge to consider the motion to supplement and to reconsider Defendants' motion for summary judgment in light of the expert report submitted with the motion to supplement. (Dkt. No. 115.)

Plaintiff indicates in his objections that the signed report submitted by Defendants is unsworn and, thus, should not have been considered by the Magistrate Judge. Plaintiff is correct that unsworn expert reports are generally not admissible and may not be relied upon at the summary judgment stage. *See Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 488 (6th Cir. 2008) ("As we have explained, however, that expert's report was an unsworn letter, and the district court should not have considered it."); *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006) ("[T]he Bukowski Report is unsworn and thus is hearsay, which may not be considered on a motion for summary judgment."); *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 619-20 (6th Cir. 2003) ("Broughan's notes were not submitted under oath, nor was her deposition ever taken. As such, her notes . . . amount to nothing more than

inadmissible hearsay, which cannot be considered on a motion for summary judgment."); *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgment."); *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.").

The Sixth Circuit has indicated that, for purposes of raising issues on appeal, objections to admissibility can be waived. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) ("If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived . . . ."). Moreover, parties are not allowed to "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")). After the Court denied the motion for summary judgment because Defendants' report was unsigned, Defendants filed a motion to supplement with a signed copy of the report. In both his response to the motion to supplement and his additional response to the

motion for summary judgment, Plaintiff did not raise any objection to the admissibility of the amended report on the basis that it was not sworn. However, the Court notes that Plaintiff did raise this admissibility objection in his initial response to the summary judgment motion, and the Magistrate Judge noted this defect in the first R&R. Defendants' resubmitted expert report appears to be merely a signed copy of the unsigned report. Consistent with this Court's earlier opinion denying Defendants' motion for summary judgment, because Defendants have failed to provide the Court with additional *admissible* evidence in support of their motion, Defendants' motion will be denied. However, to avoid disposing of the motion on what appears to be a technical fault, the Court will reconsider Defendants' motion for summary judgment, Plaintiff's responses thereto, the R&R thereon, and Plaintiff's other objections to that R&R, if, within fourteen days of the date of this order, Defendants file a sworn affidavit by their expert that affirms the contents of the expert report. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the R&R (Dkt. No. 126) are **GRANTED IN PART** and the R&R (Dkt. No. 124) is **REJECTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 101) is **DENIED**.

Dated: March 9, 2010   /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE